■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD HERON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 12, 1988, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kellam, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Police Officer Daniel Walsh testified at the suppression hearing that on December 20, 1986, he was assigned to a special taxicab police unit that was investigating a pattern of taxicab robberies. There had been a high concentration of taxicab robberies in the area encompassing Junction Boulevard to the Grand Central Parkway, from 32nd Avenue to 37th Avenue, with some of the robberies involving two male blacks and others involving one male black and one female black. At approximately 11:00 P.M., Officer Walsh and his two partners were in an unmarked vehicle, parked in the vicinity of 100th Street between 32nd Avenue and Northern Boulevard. Officer Walsh noticed a livery cab drive by with the defendant and the codefendant, two black males, seated in the back. Officer Walsh followed the livery cab for several blocks. Once the officer saw the defendant lean forward and put his arm over the driver's seat, he believed there to be a robbery in progress and decided to pull the cab over. When the cab stopped, Officer Walsh approached the driver and identified himself as a police officer. While speaking with the driver, the officer noticed a "shiny steel object" in the back seat. The officer removed the defendant and the codefendant from the vehicle and then recovered a handgun from the back seat.

Officer Walsh then arrested the defendant and the codefendant. A search of the defendant incident to his arrest revealed 35 bags of cocaine.

The defendant moved to suppress the gun and cocaine as the fruits of an unlawful stop. The hearing court found that once the officer observed the defendant lean forward and place his arm over the driver's seat, the officer then possessed an articulable reason sufficient to justify his stopping of the cab. The court noted that this articulable reason for stopping the livery cab need not have been based on any indicia of criminality. The defendant challenges this determination on appeal.

The hearing court should have applied the "reasonable suspicion" standard. It is well settled that "absent at least a reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law, the stopping of an automobile by the police constitutes an impermissible seizure" *(People v Sobotker,* 43 NY2d 559, 563). Reasonable suspicion has been defined as "the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe that criminal activity is at hand" *(People v Sobotker, supra,* at 564, quoting *People v Cantor,* 36 NY2d 106, 112-113). At bar, when the totality of the circumstances is taken into account, it is clear that the officer had a reasonable suspicion that criminal activity was at hand. Officer Walsh testified that he was a member of a special taxicab police squad that was investigating a pattern of taxicab robberies in the area between Junction Boulevard and the Grand Central Parkway involving two black males. In light of this, once he saw the defendant put his arm over the driver's seat, Officer Walsh could reasonably suspect that criminal activity was at hand. Accordingly, the taxicab was lawfully stopped by the police. Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.