■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRIAN BRANTLEY, Respondent. [653 NYS2d 31] —Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated January 17, 1996, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

On July 26, 1994, two police officers, both specially trained members of the Taxi and Livery Task Force, were assigned to

investigate a rash of robberies and murders involving livery cabs in the area of Guy R. Brewer Boulevard in Queens. At approximately 11:35 P.M., the officers observed a livery cab drive by with two passengers in the back seat and a third passenger in the front seat. The officers noticed that the passengers were making "violent" hand and upper body movements, as if some sort of altercation were taking place. At one point, the passenger in the front seat leaned into the rear compartment, while the two men in back reached with agitated gestures toward the front. Suspecting that a robbery might be afoot, the officers stopped the taxi and, preparatory to inquiring what was happening, one of the officers shined a flashlight into the back seat to ensure his own safety. When he did so, he observed a clear plastic bag containing a white powdery substance, which proved to be cocaine.

The court erred in concluding that the defendant's arrest was without probable cause and that the physical evidence recovered should be suppressed. The officers, who were well trained and experienced, and who were investigating crimes against cab drivers in a neighborhood where such robberies had frequently occurred, had reasonable suspicion to stop the vehicle when they noticed the unusual, aggressive gestures of its occupants (see, e.g., People v Heron, 185 AD2d 859). Thereafter, as soon as they saw the bag of what appeared to be cocaine on the floor of the cab's rear compartment, they had probable cause to arrest the defendant (People v Landy, 59 NY2d 369). Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.